1
2
3
4
5
6
7

NOTE CHANGES MADE BY THE COURT

8
9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

10
11
12
13

JESSE BROWDER, MARY
WHITE, OTHA TOWNSEND,
VERA & ROBERT BURNS,
TAMICCA STANTLEY and
MARY GOODWIN, individually
and on behalf of all others similarly
situated,

14

Plaintiffs,

15

v.

16
17

FLEETWOOD ENTERPRISES,
INC.,

Defendant.

18

Case No. EDCV 07-01180 SGL (JCRx)

(Consolidated with Case No. EDCV 07-01195-SGL (JCRx)

CLASS ACTION

[PROPOSED] PROTECTIVE
ORDER GOVERNING USE AND
DISSEMINATION OF
CONFIDENTIAL DOCUMENTS
AND MATERIALS *As modified*

19
20

Upon stipulation of the parties, and good cause appearing for the entry of this

21

Protective Order,

22

### RECITALS

23

A.    The parties in the above-captioned consolidated action may seek

24

discovery that the responding parties assert may contain certain highly sensitive,

25

confidential, proprietary, trade secret information and documents.

26

B.    The protective order sought herein ("Protective Order") is warranted

27

under the circumstances and is sufficiently tailored to avoid unduly hindering the

28

public's access to the Court's records and files in this matter.

1

# CONFIDENTIALITY ORDER

IT IS HEREBY ORDERED that:

## I.

## DEFINITIONS

1.      As used in this Protective Order:

a.      "Action" means the above-captioned consolidated action, presently pending in the United States District Court for the Central District of California.

b.      "Confidential Material" means Material designated as Confidential in this Action in accordance with the terms of this Protective Order.

c.      "Designating Party" means any Party or Parties who designate Material as Confidential Material in this Action pursuant to the Protective Order. "Designating Person" means any Person or Persons who designate Material as Confidential Material in this Action pursuant to this Protective Order.

d.      "Discovering Counsel" means counsel for a Discovering Party in this Action.

e.      "Discovering Party" means the Party or Parties to whom Material is being provided, produced, or made available for inspection by a Producing Party or Producing Person in this Action.

f.      "Material" means any document or part of a document, testimony or information in any form or medium whatsoever, including, without limitation, any written or printed matter provided, produced or made available for inspection through discovery in this Action by any Party or Person before or after the date of this Protective Order.

g.      "Trade Secret," as used in this Protective Order means information, including a formula, pattern, compilation, program, design, device, method, technique or process that:

(1)      Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can

2

1  obtain economic value from its disclosure or use; and

2      (2)   Is the subject of efforts that are reasonable under the

3  circumstances to maintain its secrecy.

4      h.   "Party" or "Parties" means Plaintiffs, Defendants, and any future

5  parties in this Action.

6      i.   "Person" means any individual, corporation, partnership,

7  unincorporated association, governmental agency, or other business or

8  governmental entity, whether a party or not.

9      j.   "Producing Party" means any Party who provides, produces, or makes

10  available for inspection Material during the course of this Action. "Producing

11  Person" means any person who provides, produces, or makes available for

12  inspection Material during the course of this Action.

13  **II.**

14  **SCOPE AND PURPOSE OF PROTECTIVE ORDER**

*[handwritten: All terms and conditions set forth below are expressly limited to the discovery phase of this litigation and do not bind or limit the District Court as to what material is discoverable after the discovery phase and during the trial and post-trial phases of the litigation. /R]*

15      2.   This Protective Order shall govern all Confidential Material in

16  whatever form, including documents, data, information, interrogatory responses,

17  live deposition testimony, deposition transcripts, responses to requests for

18  admission, and any other Confidential Material provided, produced, or made

19  available for inspection in response to any method of discovery conducted in this

20  Action. *[handwritten insertion: during the discovery phase of the litigation. /R]* This Protective Order shall also govern Material exchanged by the Parties

21  to date.

22      3.   All Confidential Material received from another Party or Person in this

23  Action shall be used for the purpose of the prosecution or defense of this Action

24  and not for any business or other purpose. All Materials designated as Confidential

25  in this Action or otherwise deemed Confidential pursuant to this Protective Order

26  shall not be disclosed to any Person except as provided herein. For the purposes of

27  this Order and specifically as utilized in the preceding sentence, "disclosed" and

28  "disclose" shall mean any physical or electronic showing of the designated

3

1    Materials to any Person, including communication in any form of the contents (in

2    whole or in part) or existence of the designated Materials. The use of information

3    or Material that was lawfully in the possession of a non-Producing Party or non-

4    Producing Person prior to being designated Confidential Material, was obtained

5    from a third party having the apparent right to disclose such information, or has

6    become public, other than in violation of this Protective Order, shall not be subject

7    to these restrictions.

8    **III.**

9    **CONFIDENTIAL MATERIAL**

10   **A.    CONFIDENTIAL DESIGNATION**

11       4.    A Producing Party or Producing Person may designate as Confidential

12   any Material that said party or person has the good faith belief constitutes:

13   (a) Trade Secret Material; or (b) confidential information of other Persons to whom

14   a duty of confidentiality is owed, and designated in such manner as described

15   below.

16       5.    Materials designated Confidential consistent with paragraph 4 of this

17   Protective Order are subject to the provisions of this Protective Order, and shall be

18   protected, used, handled and disposed of in accordance with the provisions of this

19   Protective Order.

20       6.    A Producing Party or Producing Person may designate the following

21   Material as Confidential Material for protection under this Protective Order by one

22   of the following methods:

23       a.    By marking any documentary Material as Confidential prior to

24   its production. Such Confidential Material shall be marked by the Producing Party

25   with a legend bearing the word "CONFIDENTIAL" and an identifying document

26   control number prefixed with one or more letters identifying the Designating Party

27   or Designating Person. In cases where Material to be produced is in a form other

28   than paper, including, without limitation, audiotape, videotape, computer tape,

4

1 computer card, computer disc, compact disc, microfilm or microfiche, the
2 Designating Party or Designating Person shall affix to the Material itself or to its
3 container a stamp or other clear designation bearing the word "CONFIDENTIAL."

4     b.   By marking or identifying any Material as Confidential prior to
5 making such documents available for inspection by the Discovering Party;

6     c.   By stating in writing, prior to the inspection of things or
7 premises, that Confidential Material will be disclosed by the inspection.   Such
8 writing shall specify those parts of things or those areas of the premises in which its
9 Confidential Material will be revealed; and

10     d.   By stating orally on the record during the course of a deposition
11 upon oral examination or pursuant to subpoena that all deposition testimony, or any
12 part thereof, is Confidential.   Notwithstanding the foregoing, except as otherwise
13 agreed, all information disclosed during a deposition shall be deemed Confidential
14 for ten (10) days after delivery of the transcript to the witness or counsel for the
15 witness unless otherwise agreed, whether or not portions of the transcript have
16 previously been designated Confidential.   Upon the expiration of the foregoing
17 period, testimony shall be deemed Confidential Material only if the Material is or
18 has been designated as Confidential Material and the Designating Party specifies in
19 writing those portions of the testimony containing Confidential Material.   In the
20 case of a non-party witness, testimony can be designated as containing Confidential
21 Material either by Party or the non-party witness or upon agreement of the Parties.

22     7.   Confidential Material does not lose its designation merely because it is
23 contained in any summary, digest, or analysis.

24     8.   The Parties may agree in writing to modify the foregoing designation
25 procedures where compliance with them proves impracticable or unduly
26 burdensome.

27 / / /
28 / / /

5

**B.   RESTRICTION ON USE OF CONFIDENTIAL MATERIAL**

9.   All Confidential Material shall be kept secure by the Discovering Party and access to Confidential Material shall be limited to Persons authorized pursuant to Paragraph 10 of this Protective Order.

10.   Except with the prior written consent of the Producing Party or Producing Person, Confidential Material and information derived therefrom may be disclosed to the Court and its officers and personnel and to qualified Persons only, but only to the extent reasonably required for such individuals to assist in the litigation of this Action or in any settlement negotiations or technical discussions between the parties.   For purposes of this Protective Order, qualified Persons are defined to consist exclusively of:

a.   Any party to this Action (including their insurers and counsel to their insurers);

b.   Counsel of record, their associated attorneys, paralegals, assistants, secretaries and support staff participating in this Action;

c.   Counsel who are employed by either Party as "in-house counsel" and such in-house counsel's employees who are assisting in the prosecution and/or defense of this Action, including paralegals, assistants, secretaries, and clerical staff;

d.   Court reporters, notaries and their staff retained by the Parties for the purpose of recording witness testimony in this Action;

e.   Experts and consultants (including their secretarial, technical and clerical employees) retained by the Parties or their counsel with respect to this Action;

f.   Officers, directors and other present employees of the Parties, as well as former employees of the Parties who were identified as authors or recipients of the Confidential Material while they were employed, who are reviewing the Confidential Material in order to assist in connection with the Action;

6

g.      Outside service personnel for the purposes of photocopying or assisting in the photocopying or delivery of documents or the retrieval of electronically stored information in connection with this Action;

h.      Any witness and the witness's counsel (if any), if the Party deems disclosure necessary for the purpose of the prosecution and/or defense of this Action, except to the extent such Persons are absent class members who Defendants by either agreement or order of the Court may depose, in which event such Persons will only be provided access prior to their deposition to any documents pertaining to their own personal transaction; and

i.      Any other Persons agreed to in writing by the Parties, either as to all or any Confidential Material.

**C.    CERTIFICATION TO BE BOUND BY PROTECTIVE ORDER**

11.    Before the Discovering Party may disclose Confidential Material to any Person described in subparagraphs 10(e), 10(f), and 10(h), the Person to whom disclosure is to be made shall read a copy of this Protective Order, and shall evidence his or her agreement to be bound by its terms, conditions, and restrictions by signing a copy of the certification attached as Exhibit A hereto; provided, however, that if an expert or consultant is to be shown Confidential Material for the first time at deposition, ~~at trial or at a hearing~~, the requirements of this paragraph will be satisfied if the expert or a consultant first declares under oath and on the record that he or she has received a copy of the Protective Order and agrees to be bound by its provisions.  Confidential Material may be disclosed to a witness who will not sign the Certification, or will not declare under oath that he or she will be bound by the provisions of this Protective Order, only in a deposition at which the Producing Party is represented, and provided that any such witness will not be permitted to retain a copy of any Confidential Material that is shown to him or her.

12.    Counsel for the Party who disclosed Confidential Material to any person listed in subparagraphs 10(a), 10(e), 10(f), and 10(h) in connection with a

7

signed certification shall maintain a file of such certifications.  Such certifications shall be provided to an opposing Party or the Producing Party only upon court order and for good cause shown.

**D.    USE OF CONFIDENTIAL MATERIAL IN PLEADINGS AND OTHER COURT PAPERS**

13.    Before any Confidential Material is included with, or the contents thereof are in any way disclosed in any pleading, interrogatory answer, affidavit, motion, brief, deposition transcript, or other paper, counsel for the Parties shall meet and confer over whether such material must be filed under seal, sufficiently in advance of but no later than four (4) court days prior to the filing to give the Producing Party's counsel the opportunity to make an application to have the material filed under seal.  Producing Party must seek an order from the Court no later than two (2) court days prior to the filing of the material that the material be filed under seal.  If no such application is filed within that time, the material may be publicly filed.  If such an application is made, the material shall be submitted to the Court in a sealed envelope pending further ruling by the Court.  The Court will thereafter direct that the material be filed under seal or publicly filed in accordance with Local Rule 79-5.

**E.    OBJECTIONS TO DESIGNATION**

14.    The following procedures shall govern any challenges to confidentiality designations:

a.    If a party reasonably believes that information should not be designated as Confidential, it must specify to the Producing Person or Producing Party in writing (I) the information at issue and (ii) the grounds for questioning the confidentiality designation.  The Producing Person or Producing Party must respond in writing within ten business days, or within such different time agreed to by counsel or as ordered by the Court.  If no response is received by that time, the Confidential designation shall be deemed withdrawn.

8

b.    If agreement cannot be reached, the party challenging the confidentiality designation may move the court to lift the designation.  Until the Court rules, the confidentiality designation shall remain in effect. Nothing in this Order shall be deemed to allocate or reallocate any substantive burdens with respect to confidentiality; the party claiming confidentiality shall have the burden to establish that the challenged documents are entitled to confidential treatment.

**F.    RETURN OF CONFIDENTIAL MATERIAL**

15.    Within ninety (90) calendar days after the settlement or termination of this Action becomes final, upon notification from the Producing Party, Discovering Counsel shall return or destroy, at Discovering Counsel's option, all Confidential Material provided by a Producing Party, and all copies thereof, except to the extent that any Confidential Material has been filed with the Court in this Action, in which event (a) Discovering Counsel may retain such Confidential Material in the form in which it has been filed with the Court but may not disclose the Confidential Material to any other persons in a manner inconsistent with this Order and (b) the Producing Party or Producing Person may petition the Court for the return of the Confidential Materials.  The Discovering Counsel may also retain any attorney-client or attorney work product information, but shall delete any Confidential Material therefrom.  Outside counsel for the Discovering Party shall promptly provide a written certification to the Producing Party that all Confidential Materials that are required to be returned or destroyed under the provisions of this paragraph have been so returned or so destroyed.

**G.    OTHER PROVISIONS**

16.    Before trial of this Action or any hearing involving Confidential Materials or information derived therefrom, the Parties, through counsel, shall confer in an attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial or hearing.  Nothing

9

in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

17.   If at any time any Confidential Material protected by this Protective Order is subpoenaed from the Discovering Party by any Court, administrative or legislative body, or is requested by any other Person purporting to have authority to require the production of such Material, the Party to whom the subpoena or other request is directed shall within five (5) business days from receipt of such subpoena or request, unless a shorter time is required under the circumstances, give written notice thereof to the Producing Party or Producing Person with respect to Confidential Material sought.

18.   If a Producing Party believes, in good faith, that it has documents in its possession that are discoverable in this Action, which documents contain or constitute "Confidential Information" of a non-party to the Action, the Producing Party may designate the documents as Confidential Material by so notifying all Parties, and the non-party to whom Producing Party owes a duty of confidentiality, in writing within fifteen (15) days of the receipt of the discovery request to which the documents are responsive.  In providing such notice, the Producing Party shall generally describe the nature of the documents, the identity of the non-party to whom Producing Party owes a duty of confidentiality and the reasons why Producing Party believes the documents contain Confidential Information.   The non-party then has fifteen (15) days from receipt of Producing Party's notice to move the Court for an appropriate order regarding the production of this Confidential Information.   If, upon the expiration of the foregoing period, no motion has been filed by the non-party concerning the "Confidential Information," the Producing Party shall immediately produce the "Confidential Information" to the Discovering Party.

/ / /

10

19.    Nothing in this Protective Order shall require production of information that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege.

20.    Nothing herein shall be construed to prevent a Producing Party and/or Producing Person from reviewing, using, or disclosing its own Confidential Material in any manner that it deems appropriate, provided however that the manner in which such information is used or disclosed may be used by a Discovering Party as a basis for challenging the designation of Confidential Material.

21.    The fact of designation or failure to designate Materials as Confidential pursuant to this Protective Order shall not be admissible for any purpose in a trial on the merits or at any other proceeding other than at a proceeding arising from or related to this Protective Order.

22.    The confidentiality obligations of this Protective Order shall continue during the pendency of, ~~and shall survive the conclusion of~~ the discovery phase, this Action, unless modified by further order of the Court.

IT IS SO ORDERED.

Dated:  3 / 11        , 2008

The Hon. John Charles Rayburn, Jr.
U.S. District Court Magistrate Judge

**APPROVED AS TO FORM:**

DATED:  March 10, 2008                ROSNER & MANSFIELD, LLP

By:   S/Alan M. Mansfield
ALAN M. MANSFIELD

WHATLEY DRAKE & KALLAS, LLC
Joe R. Whatley, Jr., Esq.
Edith M. Kallas, Esq.
ekallas@wdklaw.com
1540 Broadway, 37th Floor
New York, NY 10036

11

| | |
|---|---|
| 1 | WHATLEY DRAKE & KALLAS, LLC |
| | W. Tucker Brown, Esq. |
| 2 | tbrown@wdklaw.com |
| | 2001 Park Place North |
| 3 | Suite 1000 |
| | Birmingham, AL 35203 |
| 4 | |
| | JINKS DANIEL & CROW |
| 5 | Christina D. Crow |
| | cdc@jinkslaw.com |
| 6 | Lynn W. Jinks, III |
| | lwj@jinkslaw.com |
| 7 | Nathan A. Dickson, II |
| | P. O. Box 350 |
| 8 | Union Springs, AL  36089 |
| 9 | KEE & SELBY, LLP |
| | David L. Selby, II |
| 10 | ds@keeselby.com |
| | 1900 International Park, Suite 220 |
| 11 | Birmingham, AL  35243 |
| 12 | Attorneys for Plaintiffs |
| 13 | DATED:  March 10, 2008          SUMMERS & SHIVES, APC |
| 14 | |
| 15 | By:   S/Scott M. Bonesteel |
| | SCOTT M. BONESTEEL |
| 16 | scottbonesteel@summers-shives.com |
| | DELORES E. GONZALES |
| 17 | doloresgonzales@summers-shives.com |
| | Attorneys for Defendant |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

12

| | |
|---|---|
| [PROPOSED] PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF DOCUMENTS & MATERIALS | CASE NO. EDCV 07-01195-SGL (JCRX) CASE NO. EDCV 07-01180-SGL (JCRX) |

## ATTACHMENT A

## NONDISCLOSURE AGREEMENT

The undersigned hereby acknowledges that (he)(she) has been advised of the terms or has read the PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL DOCUMENTS AND MATERIALS ("Order") entered in the following action: *Browder, et al. v. Fleetwood Enterprises, Inc.,* United States District Court, Central District of California, Eastern Division Case Nos. EDCV 07-01180-SGL (JCRx), consolidated with EDCV 07-01195-SGL (JCRx).

I agree to be bound by the terms of said Order, to be subject to the jurisdiction of the appropriate court solely for purposes of any disputes arising with respect to the terms of the Order or performance thereunder, and, pursuant to the terms of the Order, agree to maintain in strict confidence all Materials designated Confidential Materials and/or Confidential-Attorneys' Eyes Only as defined therein. I understand that this material and its subject matter is to remain in my personal custody and shall not be disclosed to any persons other than those bound by the terms of this Order until I have completed my assigned duties, whereupon such information is to be returned to counsel who provided it to me. I further agree to notify any personnel assisting me of the terms of said Order and to obtain an agreement from such personnel to be bound by it to the same extent that I am bound.

Dated: _____, 2008      _____

[PROPOSED] PROTECTIVE ORDER GOVERNING USE AND      CASE NO. EDCV 07-01195-SGL (JCRX)
DISSEMINATION OF DOCUMENTS & MATERIALS      CASE NO. EDCV 07-01180-SGL (JCRX)